UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ENRIQUE AMEZCUA,<br><br>Movant. | No. 2:12-cr-0424 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion for habeas corpus relief under 28 U.S.C. § 2255. On October 1, 2015, movant pled guilty pursuant to a plea agreement to one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. On January 7, 2016, movant was sentenced to 126 months imprisonment as to each count with the sentences running concurrently. Movant did not appeal his conviction or sentence.

In his motion, movant asserts that his trial counsel violated his Sixth Amendment right to effective assistance of counsel by failing to assert before sentencing that movant was entitled to 1 year, 5 days sentence credit for time served between November 4, 2013 and November 8, 2014. This argument fails. Movant was not subjected to ineffective assistance as the trial court did not have the authority to grant or deny the credit. Rather, the computation of sentencing credit a defendant receives for time served in custody prior to sentencing is the responsibility of the

1

United States Attorney General, after sentencing. U.S. v. Wilson, 503 U.S. 329, 334 (1992).

Alternatively, movant asserts that his trial counsel should have requested that the court apply United States Sentencing Guidelines (USSG) 5G1.3(b) & (c). Those provisions of the sentencing guidelines concern the relationship between the sentence to be imposed to other sentences being served or to be imposed. Movant fails to point to anything indicating USSG 5G1.3(b) or (c) have any applicability in this case. Respondent points to evidence suggesting that when movant was arrested for the acts which ultimately led to his plea of guilty in this action, he was also arrested on a warrant, indicating movant had yet to complete a sentence for unrelated criminal activity. After movant's arrest, but before movant made his first appearance in this matter, movant served the remainder of that sentence. Respondent is correct that movant is barred under USSG 5G1.3(a) from receiving any credit under any section of USSG 5G1.3 for the time he served on the unrelated prior sentence; USSG 5G1.3(a) indicates that if the instant offense was committed while the defendant was serving a term of imprisonment (or on escape status) the two terms must run consecutively.

Because the relief movant seeks now was not obtainable by his trial counsel, his trial counsel did not render ineffective assistance of counsel. Therefore, movant's § 2255 motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's December 5, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 62) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-2867 TLN CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of

2

the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 1, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
amez0424.257